UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ARTHUR AXELMAN, | ) | No.  CV 05-6980-JTL |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM OPINION AND ORDER |
| v. | ) | |
| | ) | |
| JO ANNE B. BARNHART, | ) | |
| Commissioner of Social | ) | |
| Security, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**PROCEEDINGS**

On September 28, 2005, Arthur Axelman ("plaintiff") filed a Complaint seeking review of the Commissioner's denial of his application for disability insurance benefits. On October 6, 2005, the parties filed a Consent to Proceed Before United States Magistrate Judge Jennifer T. Lum.  Thereafter, on March 22, 2006, defendant filed an Answer to Complaint.  On June 1, 2006, the parties filed their Joint Stipulation.

The matter is now ready for decision.

///

**BACKGROUND**

On June 23, 2003, plaintiff filed an application for disability insurance benefits. (Administrative Record ["AR"] at 56-58). Plaintiff alleged that, beginning on November 15, 2001, he was unable to work because of heart disease, a heart attack, diabetes, high blood pressure, and high cholesterol. (AR at 61). The Commissioner denied plaintiff's application for benefits. (AR at 51-55).

On September 8, 2003, plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). (AR at 45). On December 5, 2003, the ALJ conducted a hearing in West Los Angeles, California. (AR at 180-84). Plaintiff appeared at the hearing with his counsel. (AR at 180). Alan Frank, M.D., a medical expert, and June Hagen, a vocational expert, also appeared. (Id.). No testimony was taken and the hearing was continued to allow plaintiff's counsel to withdraw and plaintiff to obtain new counsel. (AR at 182-84). On February 26, 2004, the ALJ conducted a hearing in West Los Angeles, California. (AR at 185-209). Plaintiff appeared at the hearing with his new counsel and testified. (AR at 188-96, 200-204, 206-07). Testifying experts, Dr. Frank and Ms. Hagen, also appeared and testified. (AR at 196-99, 199-200, 205-06, 207-08).

On June 10, 2004, the ALJ issued his decision denying benefits. (AR at 16-21). In his decision, the ALJ concluded that plaintiff suffered from the severe impairments of coronary artery disease and diabetes mellitus. (AR at 20). According to the ALJ, however, these impairments did not meet or equal any of the criteria contained in the Commissioner's Listing of Impairments, 20 C.F.R. Section 404, Subpart P, Appendix 1. (Id.). The ALJ also found that plaintiff's complaints

of totally disabling limitations were not fully credible. (AR at 21). The ALJ concluded that plaintiff retained the residual functional capacity to perform a full range of sedentary work, including his past relevant work as a booking agent and a senior vice-president of a theatrical company. (Id.). Ultimately, the ALJ concluded that plaintiff was not disabled pursuant to the Social Security Act. (Id.).

Plaintiff filed a request with the Appeals Council for review of the ALJ's decision. (AR at 12). On July 28, 2005, the Appeals Council affirmed the ALJ's decision. (AR at 5-8).

**PLAINTIFF'S CONTENTIONS**

Plaintiff makes the following claims in the Joint Stipulation:

1.  The ALJ erred in finding that plaintiff's conditions did not meet or equal a listed impairment.

2.  The ALJ erred in determining plaintiff's residual functional capacity.

3.  The ALJ erred in finding that plaintiff can return to his past relevant work.

4.  The ALJ erred in improperly evaluating plaintiff's subjective impairments and complaints of pain.

**STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and whether the proper legal standards were applied. DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991). Substantial evidence means "more than a mere scintilla" but less than a preponderance.

3

1  Richardson v. Perales, 402 U.S. 389, 401 (1971); Desrosiers v.
2  Secretary of Health & Human Servs., 846 F.2d 573, 575-76 (9th Cir.
3  1988).

4  Substantial evidence is "such relevant evidence as a reasonable
5  mind might accept as adequate to support a conclusion." Richardson,
6  402 U.S. at 401.  This Court must review the record as a whole and
7  consider adverse as well as supporting evidence. Green v. Heckler,
8  803 F.2d 528, 529-30 (9th Cir. 1986).  Where evidence is susceptible
9  of more than one rational interpretation, the ALJ's decision must be
10 upheld. Gallant v. Heckler, 753 F.2d 1450, 1452 (9th Cir. 1984).

**DISCUSSION**

**A.   The Sequential Evaluation**

The Commissioner has established a five-step sequential process for determining whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920 (1991); Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987). At step one, disability benefits are denied if the Commissioner determines that the claimant is engaged in substantial gainful activity. Id. at 140. At step two, the Commissioner evaluates whether the claimant has a medically severe impairment which significantly limits his physical or mental ability to do basic work activities. Id. at 140-41. Step three requires a consideration of whether the claimant's impairment is equivalent to one of a number of listed impairments that are so severe as to preclude substantial gainful activity. Id. at 141. If the impediment meets or equals one of the listed impairments, the claimant is presumptively disabled. Id. If the impairment is not one that is conclusively presumed to be disabling, step four of the evaluation determines whether the

4

impairment prevents the claimant from performing work he has performed in the past. <u>Bowen</u>, 482 U.S. at 141. If the claimant cannot perform his past work, the fifth and final step determines whether he is able to perform other work in the national economy in light of his age, education and work experience. <u>Id.</u> at 142. The claimant is entitled to disability benefits only if he is not able to perform such work. <u>Id.</u>

**B.      Plaintiff's Ability to Perform Past Work Activity**

Plaintiff claims that the ALJ erred in finding that plaintiff retained the residual capacity to perform his past relevant work as a booking agent and a senior vice president of a theatrical agency. Specifically, plaintiff contends that the ALJ erred by mistakenly separating his past position into two separate positions and by inaccurately categorizing his past work as a packaging agent.

At the hearing, Ms. Hagen testified that plaintiff could perform his past work, the "agent job," because of the sedentary nature of the position. (AR at 208). When plaintiff's counsel added a restriction involving moderate difficulty with concentration, Ms. Hagen testified that plaintiff could not perform his past relevant work. (<u>Id.</u>). In her decision, however, the ALJ rejected the additional limitation regarding plaintiff's difficulty with concentration. (AR at 20). Ultimately, the ALJ found that plaintiff could perform his past work as a booking agent and a senior vice-president because both were performed at the sedentary level, "although [plaintiff] was involved in greater exertional activity." (<u>Id.</u>).

"In determining what exertional demands are required to perform a type of work, the ALJ may rely on the general job categories of the Dictionary [of Occupational Titles], with its supplementary Selected

Characteristics, as presumptively applicable to a claimant's prior work." Hill v. Barnhart, 2003 WL 151536 at *4 (N.D. Cal. Jan. 15. 2003). Alternatively, an ALJ may rely on a vocational expert's testimony to determine the demands of a claimant's past relevant work. Light v. Social Sec. Admin., 119 F.3d 789, 793 (9th Cir. 1997). But when the expert's testimony conflicts with the DOT, the ALJ may rely on the expert "only insofar as the record contains persuasive evidence to support the deviation." Johnson v. Shalala, 60 F.3d 1428, 1435 (9th Cir 1995). "Evidence sufficient to permit such a deviation may be either specific findings of fact regarding the claimant's residual functionality, or inferences drawn from the context of the expert's testimony." Light, 119 F.3d at 793 (citations omitted).

Here, plaintiff contends that the ALJ incorrectly separated plaintiff's past work as a senior vice president of a theatrical agency and as an agent into two separate positions when, in fact, the two positions were performed simultaneously and combined into one position. (Joint Stip. at 12). Indeed, in one form, plaintiff listed his employment from 1972 to 1992 as a packaging agent for the William Morris Agency and, on a different form, he listed senior vice president of a theatrical agency, suggesting that the different job titles described the same position. (AR at 62, 79). The ALJ opined, however, that because both positions of senior vice president and booking agent were generally performed at the sedentary level, plaintiff could perform both jobs due to his capacity for full range of sedentary work. (AR at 20). Although the ALJ may have mistook the positions as two separate jobs, the fact that he opined that plaintiff had the residual functional capacity to perform either renders their separation

harmless.[1]

Plaintiff also contends that Ms. Hagen's description of plaintiff's past work as a booking agent does not adequately categorize his job duties. (Joint Stip. at 12). When completing his Work History Report form in conjunction with his application for disability, plaintiff described his most recent job titles as an executive producer in the television production business from November of 1992 to November of 2001 and a senior vice president in a theatrical agency from June of 1972 to October of 1992. (AR at 79). Plaintiff described his duties as a senior vice president in the following manner: "As an agent, I secured employment for TV and film writers, directors, producers and performing talent. As Senior Vice President of [the] largest talent agency, I supervised a staff and oversaw the management of the TV movie packaging division." (AR at 81). In his Disability Report Adult form, plaintiff described his past work as a television producer[2] and as a packaging agent from June of 1972 to September of 1992. (AR at 62). As previously noted, plaintiff listed his job title from 1972 to 1992 in two different ways: as a packaging agent for the William Morris Agency and as a senior vice president of a theatrical agency. (AR at 79, 62).

---

[1] See Brawner v. Secretary of Health and Human Services, 839 F.2d 432, 434 (9th Cir. 1988)(applying harmless error standard of review to ALJ's decision and refusing to remand where error was harmless); Booz v. Secretary of Health and Human Services, 734 F.2d 1378, 1380-81 (9th Cir. 1984) (adopting rule that evidence is sufficiently material to require a remand "only where there is a reasonable possibility that the new evidence would have changed the outcome of the Secretary's determination had it been before him.").

[2] Plaintiff did not list the dates that he worked as a television producer.

Plaintiff claims that the position of a booking agent, the classification used by Ms. Hagen to describe plaintiff's past work, describes a position more sedentary and less demanding than his actual work as a packaging agent. (AR at 62). Ms. Hagen testified that plaintiff could perform his past work as an agent because "it's fairly soft directed as far as the sitting." (AR at 208). When appealing the ALJ's decision to the Appeals Council, plaintiff vigorously objected to Ms. Hagen's characterization of the position of a packaging agent as sedentary in nature. (AR at 174). Plaintiff wrote, "As a packaging agent I conducted staff meetings, network ad studio briefings, pitch meetings, casting sessions and country and worldwide trips to visit clients on the site of their productions. Each encompasses dozens of road trips and meetings, intensive physical activities, overseeing and managing schedules consisting of 18 hour days." (Id.). Such description appears to significantly differ from the description of a booking agent, as listed in the Dictionary of Occupational Titles.[3] The Dictionary of Occupational Titles does not

---

[3] The Dictionary of Occupational Titles describes the duties of a booking agent (Code 191.117-014) as the following:

> Books performers, theatrical or ballet productions, variety or nightclub acts, concert or lecture series, trade shows, or other popular or classical attractions for entertainment in various establishments, such as theaters, showplaces, clubs, or halls: Schedules attractions for season, considering such factors as entertainment policy, budget, and tastes of patrons of particular establishment represented. Negotiates with booking representatives or producers of attractions to arrange terms of contract, play dates, and fees to be paid for engagements. Auditions new talent. Arranges for billing in accordance with contract agreement. Books motion pictures for exhibit into theater chains or independent houses. Selects and rents pictures to be exhibited on basis of potential box-office sales, cast of
> (continued...)

have a job description for a "packaging agent."  When questioned at the hearing whether she had any questions about the classification of plaintiff's past work, however, Ms. Hagen replied that she did not. (AR at 199).  Given the disparity in job duties between a booking agent and plaintiff's description of a packaging agent, the vocational expert's testimony regarding plaintiff's ability to perform his past relevant work as an agent requires further clarification.

The Court can affirm the ALJ's decision only if the record contains persuasive evidence to support the vocational expert's deviation.  See Johnson, 60 F.3d at 1435.  Moreover, the Ninth Circuit requires specific findings of fact regarding a plaintiff's residual functionality or inferences drawn from the context of the vocational expert's testimony in support of a deviation.  Light, 119 F.3d at 793. Here, the vocational expert's findings with respect to plaintiff's past relevant work appear to significantly differ from plaintiff's descriptions of his past relevant work.  Accordingly, the Court remands the ALJ's decision in order for the ALJ to clarify the vocational

---

[3](...continued)
players, advertising allotment allowed by distributor, and similar factors. May specialize in in-house bookings and be designated according to establishment as Concert Or Lecture Hall Manager (amuse. & rec.); Showplace Manager (amuse. & rec.). May specialize in independent bookings and be designated according to type of talent or of entertainment package represented and placed as Artists' Booking Representative (amuse. & rec.); Theatrical Variety Agent (amuse. & rec.). May specialize in rental and distribution of motion pictures and be designated Film Booker (amuse. & rec.). May represent popular or rock musical groups only and be designated Band Booker (amuse. & rec.). When sponsoring, managing, and producing an entertainment, may be designated Impresario (amuse. & rec.).  GOE: 11.12.03 STRENGTH: S GED: R4 M4 L4 SVP: 6 DLU: 77.

http://www.occupationalinfo.org/19/191117014.html.

expert's testimony.

**C.     Remand is Required to Remedy Defects in the ALJ's Decision**

The choice of whether to reverse and remand for further administrative proceedings, or to reverse and simply award benefits, is within the discretion of the Court. McAlister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989). Remand is appropriate where additional proceedings would remedy defects in the ALJ's decision, and where the record should be developed more fully. McAlister, 888 F.2d at 603; Rodriguez v. Bowen, 876 F.2d 759, 763 (9th Cir. 1990). An award of benefits is appropriate where no useful purpose would be served by further administrative proceedings, see Gamble v. Chater, 68 F.3d 319, 322-23 (9th Cir. 1995), where the record has been fully developed, see Schneider v. Commissioner of the Social Security Administration, 223 F.3d 968, 976 (9th Cir. 2000); Ramirez v. Shalala, 8 F.3d 1449, 1455 (9th Cir. 1993), or where remand would unnecessarily delay the receipt of benefits. See Smolen v. Chater, 80 F.3d 1273, 1292 (9th Cir. 1996).

In this case, the Court finds remand appropriate. On remand, the ALJ must seek clarification of the vocational expert's description of plaintiff's past relevant work as an agent and determine whether plaintiff has the residual functional capacity to the work.[4]

---

[4] In the Joint Stipulation, plaintiff also argues that the ALJ erred in finding that plaintiff's conditions did not meet or equal a listed impairment, in finding that plaintiff can return to her past relevant work, and in evaluating plaintiff's subjective impairments and complaints of pain. As explained above, however, the ALJ's decision to adopt the testimony of the vocation expert when such testimony may have been based on inaccurate characterizations of plaintiff's past work constitutes sufficient reason to remand this case. Moreover, depending on the outcome of the proceedings on remand, the ALJ will have an opportunity to address plaintiff's other arguments. In any event, the ALJ should consider all the issues raised by plaintiff
(continued...)

|    |    |
|----|----|
| 1  | **ORDER** |
| 2  | The Court, therefore, VACATES the decision of the Commissioner of |
| 3  | Social Security Administration and REMANDS the case for further |
| 4  | administrative proceedings consistent with the Memorandum Opinion and |
| 5  | Order. |
| 6  | **LET JUDGMENT BE ENTERED ACCORDINGLY** |
| 7  | DATED: August 17, 2006 |
| 8  |    |
| 9  | /s/<br>JENNIFER T. LUM<br>UNITED STATES MAGISTRATE JUDGE |

---

[4] (...continued)
in the Joint Stipulation when determining the merits of plaintiff's case on remand.