UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTHUR AXELMAN, ) | Case No. CV 05-6980-JTL |
| Plaintiff, ) | |
| ) | ORDER AWARDING ATTORNEY FEES |
| v. ) | PURSUANT TO THE EQUAL ACCESS TO |
| ) | JUSTICE ACT |
| JO ANNE B. BARNHART, ) | |
| COMMISSIONER OF SOCIAL SECURITY ) | |
| ADMINISTRATION, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**BACKGROUND**

On September 28, 2005, Arthur Axelman ("plaintiff") filed a Complaint seeking review of the Commissioner's denial of his application for disability insurance benefits. On October 6, 2005, the parties filed a Consent to Proceed Before United States Magistrate Judge Jennifer T. Lum. Thereafter, on March 22, 2006, defendant filed an Answer to Complaint. On June 1, 2006, the parties filed their Joint Stipulation. On August 17, 2006, the Court remanded the case to the Administrative Law Judge ("ALJ") for clarification from the vocational expert regarding the duties involved in plaintiff's past relevant work as an agent. The Court found that plaintiff's

description of his work as an agent differed significantly from the description of a booking agent listed in the Dictionary of Occupational Titles ("DOT") used by the vocational expert.

Counsel for plaintiff now requests that the court award him attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. Section 2412(d) in the amount of $5,621.88. The requested fee is based on 34.9 hours of attorney time at an hourly rate of $160.00 per hour for work performed in 2005 and $161.25 per hour for work performed in 2006 before the district court. (Motion at 3). Thereafter, plaintiff's counsel amended his request to 34.8 hours of attorney time, resulting in a fee request of $5,605.76. Additionally, plaintiff requests 3.5 hours of attorney time at the rate of $161.25 per hour for the preparation of plaintiff's Motion for Award of Attorney Fees ("Motion"), increasing the fee request to $6,170.13. In her opposition, the Commissioner opposes the Motion on the grounds that the Commissioner's position was substantially justified and because the fees requested are unreasonable.

Based upon a review and consideration of the pleadings filed by the parties in connection with Motion, the Court finds that $6,170.13 for 38.3 hours of attorney time is unreasonable and reduces the fee request by $449.13. For the reasons stated below, the Court awards plaintiff's counsel the sum of $5,721.00.

## DISCUSSION

**A.  WHETHER DEFENDANT'S POSITION WAS SUBSTANTIALLY JUSTIFIED**

The government's position was "substantially justified" if it had a reasonable basis both in law and fact. <u>Pierce v. Underwood</u>, 487 U.S. 552, 565-66 (1988); <u>see</u> <u>Lewis v. Barnhart</u>, 281 F.3d 1081, 1083

(9th Cir. 2002)(the Commissioner is "substantially justified" if his position met "the traditional reasonableness standard – that is 'justified in substance or in the main,' or 'to a degree that could satisfy a reasonable person'"). But the Supreme Court has also noted that "substantially justified" does not equate to a "reasonably justified" standard. Pierce, 487 U.S. at 566 n. 2. Moreover, the focus is on the reasonableness of the Commissioner's position in the remand proceedings instead of the reasonableness of the Commissioner's ultimate disability determination. Lewis, 281 F.3d at 1085-86. Although fee applications should not turn into retrials and re-appeals of the principal case, courts may look to the merits of the government's position in determining whether the government's position was substantially justified. See, e.g., Meinhold v. U.S. Dep't of Defense, 123 F. 3d 1275, 1289, amended by 131 F.3d 842 (9th Cir. 1997); Pierce, 487 U.S. at 568-69. However, it is the government's burden to show that its position was substantially justified. See, e.g., Meinhold, 131 F.3d at 1277-78.

Applying this standard here, the Court concludes that defendant has not met her burden of showing that her position was substantially justified. In his decision, the ALJ relied on the vocational expert's testimony that plaintiff could perform his past relevant work as a booking agent and senior vice-president of a theatrical agency. The Court found error in the ALJ's reliance on the vocational expert testimony based on two grounds. The Court held that the ALJ incorrectly separated plaintiff's past work as a senior vice president of a theatrical agency and as an agent into two separate positions when, in fact, the two positions were performed simultaneously and combined into one position. The Court, however, found that since the

ALJ opined that plaintiff had the residual functional capacity to perform either position, the error in separating the two positions was harmless. Furthermore, the Court found that given the disparity in job duties between the vocational expert's description of an agent and plaintiff's description of his past work as an agent, the vocational expert's testimony regarding plaintiff's ability to perform his past relevant work as an agent required further clarification. Overall, the Court found error in the ALJ's reliance on the vocational expert's testimony. Even though the Court found that the ALJ's error in separating plaintiff's job into two separate positions was harmless, the Court, nonetheless, found that the ALJ erred. Thus, defendant's position was not substantially justified in the claim that the Court addressed.[1]

In sum, the Court finds that defendant was not substantially justified in arguing that the ALJ properly rejected the opinion of the treating physician. Accordingly, the Court grants plaintiff's request for EAJA fees.

**B.   REASONABLENESS OF ATTORNEY'S FEES**

Alternatively, defendant argues that plaintiff's counsel's claimed hours that are excessive and should be reduced. Plaintiff's counsel submitted a timesheet stating that he had expended a total of 34.9 hours at his billable rate of $160.00 and $161.25 per hour in the preparation and handling of plaintiff's case prior to the date that this Court issued its decision remanding the ALJ. This request was later reduced to 34.8 hours. Plaintiff also requested an additional 3.5 hours for preparing plaintiff's response to the opposition to the

---

[1]   The Court did not address plaintiff's other three claims.

Motion at his hourly rate of $161.25. Defendant takes issue with the amount of time billed, claiming that some of the charges were incurred involved work that was clerical in nature.

The amount of the fee must be determined on the facts of each case.[2] See Hensley v. Eckerhart, 461 U.S. 424, 429 (1983) (the level of a plaintiff's success is relevant to the amount of fees to be awarded). A useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. Hensley, 461 U.S. at 434. This calculation provides an objective basis on which to make an initial estimate of the value of a lawyer's services. The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed. Id. Where the documentation of hours is inadequate, the district court may reduce the award accordingly. Id. Moreover, the district court should exclude from the initial fee calculation hours that were not "reasonably expended." Id. at 433-34. Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary. Id. at 434.

In social security cases, courts have found that an award of attorneys' fees for 34.8 hours of work falls within the approved range. See Patterson v. Apfel, 99 F. Supp. 2d 1212, 1214 n.2 (C.D. Cal. 2000); see also, Penrod v. Apfel, 54 F. Supp. 2d 961, 964 (D. Ariz. 1999) (holding that 28.8 hours was a reasonable expenditure of

---

[2] 28 U.S.C. Section 2412(d)(2)(A) provides that an award of attorney's fees shall not exceed $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.

5

time in a social security disability case); <u>Afanador v. Sullivan</u>, 809 F. Supp. 61, 66 (N.D. Cal. 1992); <u>DiGennaro v. Bowen</u>, 666 F. Supp. 426, 433 (E.D.N.Y. 1987) (holding that 45 of the claimed 103 hours were compensable under the EAJA in a social security disability case, and observing that "[i]n cases of this nature, compensated hours generally range from twenty to forty hours").

After reviewing the timesheets submitted by plaintiff's counsel, the Court finds that with the exception of several entries that appear to have involved ministerial and secretarial skills, the total hours billed by counsel for work before this Court fall within the reasonable range of fees allowed under EAJA. Defendant takes issue with the excessive amounts of time billed for what she considers work that was clerical in nature. The Court agrees that plaintiff's counsel billed at an attorney rate for certain routine matters that could have been performed by a paralegal or secretary. Specifically, the Court notes counsel billed the following entries at his attorney rate:

- 0.1 on 9/28/05:  Checked PACER, no order yet on IFP;
- 0.1 on 9/28/05:  TCT (Telephone Call To) client – if IFP not approved, they want to drop;
- 0.1 on 9/28/05:  R & R (Receipt & Review) of efile activity re Dec re IFP, etc.;
- 0.1 on 9/29/05:  R & R of conformed copies of S&C etc.;
- 0.1 on 9/30/05:  R & R of efile activity of filing complaint, etc. and Order;
- 0.1 on 9/30/05:  TCT client – NA, LM on son's cell that IFP granted;
- 0.1 on 9/30/05:  R & R of conformed copy of Order re Leave

6

1       to file IFP;
2  •    0.7 on 10/2/05:  Preparation of S & C and related papers;
3  •    0.2 on 10/3/05:  Scanned complaint and related papers and
4       emailed;
5  •    0.2 on 10/24/05: Efile proof of Service, send copy to USMJ;
6  •    0.1 on 10/25/05: R & R of efile activity of filing proof of
7       service;
8  •    0.1 on 1/26/06: R & R of efile activity of serving
9       Transcript;
10 •    0.1 on 3/16/06: TCT Regional Counsel – left message on main
11      number for name of attorney;
12 •    0.1 on 3/16/06:  TCT AUSA Kim – LM;
13 •    0.2 on 3/22/06:  Checked PACER and discovered Answer filed
14      today, downloaded copy;
15 •    0.1 on 3/23/06:  R & R of efile activity of answer and
16      manual filing of transcript;
17 •    0.1 on 3/23/06:  R & R of mailed copy of filing of cert
18      record;
19 •    0.1 on 3/25/06:  R & R of efile activity of filing certified
20      administrative record; and
21 •    0.1 on 6/1/06:  R & R of efile activity of filing of Joint
22      Stipulation.

The aforementioned tasks appear to involve form documents or routine procedures that could have been prepared by a paralegal or secretary. As such, the Court disallows the 2.8 hours billed by counsel.

Pursuant to the reasons stated above, the Court reduces counsels fees in the amount of $449.13, representing 1.9 hours billed in 2005 at the rate of $160.00 and 0.9 hours billed in 2006 at the rate of

$161.25.  Accordingly, the Court orders that plaintiff's counsel be awarded the total sum of $5,721.00 in attorney's fees.

**IT IS SO ORDERED.**

DATED: February 7, 2007

```
                              _____/s/_____
                              JENNIFER T. LUM
                              UNITED STATES MAGISTRATE JUDGE
```

8